PER CURIAM.
G.M.C. asks this Court to review the recommendation of the Florida Board of Bar Examiners that she not be admitted to The Florida Bar. We have jurisdiction pursuant to article V, section 15 of the Florida Constitution.
Following a formal hearing, the Board found two specifications to be proven. G.M.C. “demonstrated financial irresponsibility and/or a lack of appreciation for or an acceptance of the rights of your creditors” as evidenced by twelve delinquent creditor accounts totalling over $32,000, defaulted student loans totalling $50,000, and three unsatisfied judgments for failure to make timely payments on outstanding debts. G.M.C. also “exhibited a pattern of irresponsible conduct or faulty judgment which reflects adversely on [her] ability to accept the responsibilities and perform the duties of a practicing attorney” based upon her refusal to accept correspondence from the Board (including requests for additional information relating to her application for admission to the Bar, her bar examination admission ticket, and a certified letter requesting her appearance for an investigative hearing), her discharge from the Internal Revenue Service (including a refusal to acknowledge notices regarding these proceedings and failure to participate in the administrative appeal proceedings), and her refusal to accept demand letters relating to a delinquent student loan collection action by the university. Specification 2(J) stated in summary that “the conduct alleged in Specifications 2(A) through 2(1) evidences an unwillingness or inability to abide by reasonable rules which ... are essential for the orderly processing of matters especially within the legal system.” The Board concluded that the proven allegations of these specifications are collectively disqualifying for G.M.C.’s admission to the Bar.
The Board also noted that although G.M.C. acknowledged that her conduct had been inappropriate and prompted by anger and frustration, she continued to demonstrate an inability to comprehend and deal correctly with the legal and administrative process and failed to demonstrate rehabilitation. The Board cited a number of incidents where G.M.C. failed to properly evaluate the situation or research the legal issue presented and consequently took inappropriate actions, including filing a Bar complaint against counsel representing the university in its attempt to collect on her delinquent student loans and alleging that the Board arbitrarily deducted points from her bar examination score in the scaling process. The Board recommended that G.M.C. not be admitted to the Bar.
Based upon our review of the record, we conclude that “the Board’s findings are supported by competent and substantial evidence and that such findings in the aggregate are sufficient to justify nonadmission to the Bar.” Florida Bd. of Bar Examiners re *77 R.B.R., 609 So.2d 1802, 1304 (Fla.1992). In fact, the record contains overwhelming evidence of both G.M.C.’s financial irresponsibility and irresponsible conduct or faulty judgment. We agree with the Board that G.M.C. failed to produce sufficient evidence to demonstrate rehabilitation or to overcome the seriousness of the proven allegations. To the contrary, much of the documentary evidence that G.M.C. admitted into the record of the formal hearing actually provides further proof of her inability to understand and comply with rules and procedures and to take appropriate actions. We therefore approve the Board’s recommendation and deny G.M.C.’s petition for admission to The Florida Bar.
It is so ordered.
GRIMES, C.J., and OVERTON, SHAW, KOGAN, HARDING, WELLS and ANSTEAD, JJ., concur.